**NOT FOR PUBLICATION**

**FILED**

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN ALAN ARNETT,

        Plaintiff-Appellant,

  v.

PETE BUTTIGIEG, The Honorable Pete
Buttigieg, Secretary of Transportation,

        Defendant-Appellee.

No.   23-15432

D.C. No. 4:21-cv-00284-JCH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Argued and Submitted February 8, 2024
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and JOHNSTONE, Circuit
Judges.

Appellant Brian Arnett appeals the district court's order granting summary

judgment in favor of Pete Buttigieg in his capacity as the Secretary of

Transportation (the "Secretary"). Arnett claims the Federal Aviation

Administration ("FAA") discriminated against him in violation of the Age

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Discrimination in Employment Act ("ADEA") when it deemed him ineligible for three positions for which he applied in 2017 and 2018. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand to the district court for trial.

We review a "district court's grant of summary judgment *de novo*." *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). We "view[] the evidence in the light most favorable to the nonmoving party" to "determine whether there are any genuine issues of material fact." *Id.* (quoting *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009)).

1. The district court found Arnett's claim was foreclosed by 5 U.S.C. § 3307(b). We disagree. The FAA has not shown that the § 3307(b) exception to the ADEA applies to Arnett's claim.[1]

The maximum entry age statute, 5 U.S.C. § 3307(b), provides that "[t]he Secretary may . . . determine and fix the maximum limit of age within which an original appointment to a position as an air traffic controller may be made." Courts have held that § 3307 creates a valid exception to the ADEA. *See, e.g.*, *Stewart v. Smith*, 673 F.2d 485, 492 (D.C. Cir. 1982). The FAA asserts that notwithstanding the fact that Arnett was not seeking an "original appointment," this provision shields its policies from the scope of the ADEA. It argues that it was not asserting

[1] The parties do not dispute that the FAA Maximum Entry Age policy, EMP-1.20, provides that "[p]ersons who have reached their 31st birthdays may not be originally appointed to [air traffic control specialist] positions in the FAA."

2

that Arnett sought an "original appointment" in 2017 and 2018. Instead, the FAA asserts that § 3307(b) implies an authority to conditionally waive the maximum entry age and that, for Arnett, those conditions included the FAA's ineligibility determinations.

The FAA's argument reads the words "original appointment" out of the statute. This violates the fundamental principle of statutory construction that we should give effect to every word in the statute. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). Section 3307(b) creates an exception that encompasses only "original appointment[s]." The FAA asserts that the Retired Military Controller ("RMC") program under which it first appointed Arnett was set up in this manner to avoid any issues with the mandatory retirement age set forth in 5 U.S.C. § 8335(a). Notwithstanding this policy argument, we cannot read these statutes so broadly as to exempt the FAA's hiring of air traffic controllers from the ADEA if an individual is not challenging either the maximum entry age for an original appointment or the mandatory retirement age.[2] Accordingly, 5 U.S.C. § 3307(b) does not provide a defense to the FAA in this case.[3]

   2.  Absent a specific statutory exemption from the ADEA, there remains a

---

[2] Because the events in this case took place before Congress explicitly authorized an RMC program, we do not address the scope or limitations of 49 U.S.C. § 44506(f)(4).

[3] We do not reach whether, on remand, the FAA may use those policy justifications as the basis for an affirmative defense under the ADEA.

genuine dispute of material fact regarding whether the FAA's policies and their application to Arnett violate 29 U.S.C. § 633a(a). That section provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

Viewing the record in the light most favorable to Arnett, the policies in question present direct evidence of age discrimination.[4] Under 29 U.S.C. § 633a(a), to obtain damages, a plaintiff "must show that age discrimination was a but-for cause of the employment outcome." *Babb v. Wilkie*, 140 S. Ct. 1168, 1177–78 (2020). "'[V]ery little . . . evidence is necessary' to establish a prima facie case through direct evidence." *Opara*, 57 F.4th at 725 (quoting *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996)).

Arnett has made a sufficient showing here. The variant of the Maximum Entry Age Policy that applies to RMC hires, EMP-1.20a, singles out those hires, at least in part, by their age at initial hiring. The FAA's human resource Policy Bulletin #92, which cancelled the RMC program and provided a grandfathering

---

[4] We decline to apply *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because that "test is inapplicable where the plaintiff presents direct evidence of discrimination." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985). Similarly, we do not consider whether Arnett has sufficiently pled a disparate impact claim. *Smith v. City of Jackson*, 544 U.S. 228, 239 (2005) ("In disparate-impact cases, . . . the allegedly 'otherwise prohibited' activity is not based on age.").

4

provision that limited eligibility for certain transfers, applied only to RMC hires. And those policies treated RMC hires differently from non-RMC hires in determining their ability to freely move between covered and non-covered positions after the age of 31. A reasonable fact-finder could find that the policies are "discriminatory on [their] face." *Thurston*, 469 U.S. at 121.

Because 5 U.S.C. § 3307(b) does not apply here, we reverse and remand to the district court for trial.

**REVERSED and REMANDED.**